UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER P. HEANUE,
   Petitioner,

v.  **05-11120 GAO**
*Referred to MJ L. T. Sorokin*

ROBERT MURPHY, SUPERINTENDENT,
 MASS. TREATMENT CENTER,
   Respondent

### PETITION FOR WRIT OF HABEAS CORPUS

 Peter P. Heanue, pro se, petitions this Honorable Court, pursuant to 28 U.S.C., § 2241, to issue a Writ of Habeas Corpus securing his release from unlawful confinement by the above Respondent Robert Murphy, Superintendent of the Mass. Treatment Center. As grounds, the Petitioner asserts that because he is subject to a removal order by the Immigration and Naturalization Service (INS) at the completion of his underlying State prison sentence, 8 U.S.C., §§ 1228(a) and 1232(a)(4) require the INS to take "physical custody" of him and return him to his native Ireland.

### PARTIES

 (1) The Petitioner, Peter P. Heanue, is a native and citizen of Ireland. He is currently being held in violation of federal law at the Mass. Treatment Center, 30 Administration Rd., Bridgewater, MA. 02324.

(2) The Respondent, Robert Murphy, is the Superintendent of the Mass. Treatment Center, 30 Administration Rd., Bridgewater, MA. 02324.

## PROCEDURAL BACKGROUND

(3) On February 9, 1999 the Petitioner plead guilty at the Norfolk County Superior Court to violating provisions of M.G.L. c. 265, § 22A and was subsequently sentenced to a State prison term of Five to Seven Years. The Petitioner is unable to provide this Court with the relevant docket number.

(4) Approximately one month later (March 1999) the INS served the Petitioner with a Notice to Appear, informing him that based on his underlying State conviction and sentence he was subject to removal proceedings. Those proceedings were captioned IN RE: PETER P. HEANUE, NO. A 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.

(5) In late 1999 (either October or November) a hearing was conducted by the Immigration Court and at that time Immigration Judge Leonard Shapiro ordered the Petitioner removed from the United States at the completion of his underlying State prison sentence (¶ 3 above) and returned his native, Ireland.

(6) Shortly before his scheduled May 24, 2005 release from his State prison sentence, the Norfolk County District Attorney initiated civil commitment proceedings, pursuant to M.G.L. c. 123A, § 1 et seq.. The Petitioner was ordered to appear at the Norfolk County Superior Court on May 23, 2005 for a probable cause hearing.

(7) On May 23, 2005 the Petitioner was taken to the State Superior Court for this hearing. He appeared pro se. His wife

had contacted Boston attorney Stephen Hrones and sent him a retainer of $1000.00 soley for the May 23rd hearing. Attorney Hrones did not appear (alleging a scheduling conflict) and the Petitioner appeared *pro se*. The Petitioner had brought with him a Motion to Dismiss Commitment Proceedings (prepared by a fellow inmate) and attempted to give it to the hearing judge for filing. The judge refused to accept the motion. After the Petitioner explained (as best he could) the basis of the motion, in effect that the judge had no jurisdiction over him once his State sentence expired, the judge became angry and informed the Petitioner that because commitment proceedings were part of his State sentence he had the right to send the Petitioner to the Treatment Center. The Petitioner attaches a copy of his Motion to Dismiss hereto as **EXHIBIT A**.

(8) It appears that the Petitioner was never allowed to address the open court, a statutory right under Massachusetts law, and was kept in the prisoner lock-up area. The judge then found probable cause and ordered the Petitioner to the Treatment Center for a period of thirty (30) days. At approximately 9:30 P.M. on May 23rd the Petitioner was released from custody at MCI Norfolk and removed to the Treatment Center.

## CONTROLLING LAW

"Under 28 U.S.C., 2241(c)(3), a federal court is authorized to grant a habeas petition where a prisoner has established that he is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Duamutef v. INS, 386 F.3d 172, 178 (2nd Cir. 2004).

In <u>Simmonds v. I.N.S.</u>, 326 F.3d 351 (2nd Cir. 2003) that Court was asked to determine at what point a state prisoner under an order of removal by the INS was considered to be in INS custody. The <u>Simmonds</u> Court held that the "in custody" requirement of 28 U.S.C, § 2241 begins at the moment a prisoner is released from a State sentence. <u>Id.</u> 356. The Court stated that at that point the INS was <u>required</u> to take custody and detain the alien. <u>Id.</u> (emphasis original). As such, the Supremacy Clause of the United States Constitution required the State superior court to obey the federal law.

The Petitioner asserts that two relevant INS statutes require this Court to rule in his favor and find that as of May 24, 2005 "physical custody" was to be turned over to the INS by the Massachusetts authorities. Those two statutes, 8 U.S.C. §§ 1228(a) and 1231(a)(4) require this result. Section 1228(a) provides in relevant part that removal "proceedings shall be conducted . . . in a manner which assures expeditious removal following the end of the alien's incarceration for the <u>underlying</u> sentence." 8 U.S.C. § 1228(a) (emphasis provided), and Section 1231(a)(4) further supports this by providing "[p]arole, supervised release, probation or possibility of arrest or further imprisonment is not a reason to defer removal." 8 U.S.C., § 1231(a)(4). The fact that the Petitioner is being held pursuant to civil commitment proceedings should not change the result. The fact is Congress intended an alien subject to a removal order of the INS to be removed once his <u>underlying</u> State sentence was completed. In this instance, it is the Petitioner's Five to Seven year sentence that was the u underlying sentence of which the INS ordeerd him re~~leased~~ moved.

## CONCLUSION

For the reasons stated above the Petitioner asserts that on the basis of 8 U.S.C., §§ 1228(a) and 1231(a)(4) as of May 24, 2005 "physical custody" over him was transfered to the INS and that the Commonwealth of Massachusetts and Department of Correction lost jurisdiction over him. As such he is presently being held in violation of the laws of the United States and entitled to immmediate release from the Respondent.

WHEREFORE, for the reasons set forth above the Respondent prays this Honorable Court grant a Writ of Habeas Corpus.

Respectfully submitted,

Peter P. Heanue, Pro se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, MA. 02324

May 25, 2005
ESM

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss:                                                   NO._____

COMMONWEALTH OF MASSACHUSETTS,
                            Petitioner,

                v.

PETER P. HEANUE,
                            Respondent

### RESPONDENT'S MOTION TO DISMISS COMMITMENT PROCEEDINGS

  Respondent Peter P. Heanue respectfully moves this Court, pursuant to Mass.R.Civ.P. 12(b)(2),(6), to dismiss the above commitment proceedings against him on the grounds that once his current sentence has been fully served this Court and the Commonwealth of Massachusetts will lose jurisdiction over him. In support of this claim the Respondent directs the Court to 8 U.S.C., § 1228(a) and 8 U.S.C., § 1231(a)(4) (copies attached hereto) of the Immigration and Nationality Act (INA) which require his removal, pursuant to an Immigration Judge's order, from the United States to his native Ireland.

  Proceedings:

  On February 9, 1999 the Respondent plead guilty in this Court for violating provisions of M.G.L. c. 265, § 22A. For that offense he received a term of imprisonment of five to seven years.

*Exhibit A*

On the basis of that conviction the Immigration and Naturalization Service (INS) served the Respondent with a Notice to Appear, informing him that on the basis of his February 9, 1999 guilty plea he was subject to removal from the United States. (See Notice to Appear, attached hereto). Shortly thereafter and on the basis of his underlying sentence he was ordered removed by Immigration Judge Leonard Shapiro and Ireland was the designated country.

In the instant proceedings the Norfolk County District Attorney has initiated commitment proceedings pursuant to M.G.L. c. 123A, §§ 1 et seq.. The Respondent contacted Attorney Stephen Hrones of Boston who agreed to represent him during this particular hearing (May 23, 2005) and accepted an agreed upon retainer of $1000.00 for this hearing. On or about May 21st the Respondent was informed that Attorney Hrones would not be available to appear for the hearing. As such, the Respondent appears before the Court pro se.

Controlling Law:

It is the Respondent's position that at the conclusion of his present sentence he is serving (believed to conclude 5/24/05) he is to be turned over the the INS for expedited removal from the United States and back to Ireland. The basis for this is found in 8 U.S.C., § 1228(a)"which assures expeditious removal following the end of the alien's incarceration for the underlying sentence." Further support for this position can be found at 8 U.S.C., § 1231 (a)(4) which provides "[p]arole, supervised release, probation, or

possibility of arrest or further imprisonment is not a reason to defer removal." The fact that the proceedings here are civil commitment should not change the result as they are implicitly included. The Supremacy Clause of the United States Constitution requires this Court to obey this federal legislation.

WHEREFORE, for the reasons stated above the Respondent prays this Honorable Court grant the following relief:

A. RULE that at the conclusion of the Respondent's current term of incarceration this Court and the Commonwealth of Massachusetts will lose jurisdiction over him and he is to be turned over the the INS for removal;

B. DISMISS the Commonwealth's Commitment Petition with prejudice;

C. GRANT any further relief this Court deems just and proper.


Signed under the pains and penalties of perjury

Respectfully submitted,

Peter P. Heanue., Pro se
MCI Norfolk
PO Box 43
Norfolk, MA. 02056

May 23, 2005

JS 44
Rev. 07/89

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Peter P. Heanue

## DEFENDANTS

Robert Murphy, Superintendent
Mass. Treatment Center

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

05-11120 GAO

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Pro se
Massachusetts Treatment Center
30 Administration Rd.
Bridgewater, MA. 02324

**ATTORNEYS (IF KNOWN)**

Office of Massachusetts
Attorney General
Ashburton Place
Boston, MA. 02108

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C., § 2241; Petitioner, under an INS Order of removal at completion of underlying State sentence and to Ireland, has been seized by Department of Correction and sent to Treatment Center, in violation of 18 U.S.C. §§ 1228(a) and 1231(a)(4)

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE May 25, 2005    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

Tony Anastas, Clerk
U.S. District Court
One Courthouse Way
Boston, MA. 02210



Re:   <u>Peter P. Heanue v. Robert Murphy</u>

**05-11120 GAO**

Dear Mr. Anastas,

   Please find enclosed for filing under the above entitled matter the following documents.

   1.  Petitioner's Motion for Writ of Habeas Corpus Ad Testificandum

   2.  ~~Petitioner's Motion for Appointment of Counsel~~

   3.  Petitioner's Petition for Writ of Habeas Corpus

   4.  Petitioner's Civil Cover Sheet
   5.  Petitioner's Motion for Expedited Hearing

   The Petitioner is alleging that he is now being held unlawfully and that the State of Massachusetts does not have jurisdiction over him, only the Immigration and Naturalization Service does. He would be grateful if these document could be presented to the Court as an emergency petition.

   The $5.00 filing fee will be forwarded to your office within two to three days.

   Sincerely,

   *Peter P. Heanue*
   Peter P. Heanue, Pro se
   Mass. Treatment Center
   30 Administration rd.
   Bridgewater, MA.  02324