```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

PETER P. HEANUE,                  )
                                  )
           Petitioner,             )
                                  )
     v.                           )
                                  )    C.A. No. 05-11120-GAO
ROBERT MURPHY, SUPERINTENDENT,    )
                                  )
           Respondent.            )
                                  )
                                  )
```

MEMORANDUM AND ORDER

On May 26, 2005, Peter Heanue, an Irish citizen now temporarily committed to the Massachusetts Treatment Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release to the custody of the Department of Homeland Security so that he may be removed to Ireland pursuant to a 1999 order of removal.

For the reasons stated below, the petition is dismissed.

BACKGROUND

Petitioner Heanue is a native and citizen of Ireland. See Petition, p. 1. The date Heanue entered the United States is not clear from the petition, however, in 1999 he pled guilty in Norfolk Superior Court of violating G.L. c. 265, § 22A (rape of a child by force) and was sentenced to a term of imprisonment from five to seven years. Id. at p. 2. Shortly after his conviction, the Immigration and Naturalization Service[1] initiated removal

---

[1]The Immigration and Naturalization Service of the United States Department of Justice ("INS") was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit.

proceedings and the immigration judge ordered that Heanue be removed from the United States to Ireland at the completion of his underlying state prison sentence. Id. The validity of that removal order is not at issue here.

Before Heanue finished serving his state sentence, the Norfolk County District Attorney initiated civil commitment proceedings pursuant to G.L. c. 123A, § 1. Id. On May 23, 2005, the day before Heanue's scheduled release from state custody, a probable cause hearing was held at the Norfolk Superior Court. Id. At the hearing, the state court judge (1) refused to accept Heanue's self-prepared motion to dismiss commitment proceedings; (2) found probable cause; and (3) ordered Heanue to the Massachusetts Treatment Center for thirty days. Id. at p. 2-3.

Petitioner complains that at 9:30 p.m. on May 23, 2005, he was transferred from MCI Norfolk to the Massachusetts Treatment Center. Heanue contends, according to his understanding of the terms of 8 U.S.C. §§ 1228 and 1231, he is entitled to release to immigration custody. Specifically, Heanue argues that under these two federal statutes, he should have been transferred to federal custody and that his continued detention by the Commonwealth is unlawful.

---

IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002)("HSA"). The authority exercised by the Attorney General and the INS now resides in the Secretary of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") and Bureau of Citizenship and Immigration Services ("BCIS"). See HSA, §§ 441(2), 442(a)(3), 451(b), 116 Stat. 2192, 6 U.S.C. §§ 251(2), 252(a)(3), 271(b) (2000 ed., Supp. II).

REVIEW

Although Heanue brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Proceedings; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

DISCUSSION

I.  Petitioner Has Not Paid the Requisite
    Filing Fee Or Submitted An Application
    to Proceed Without Prepayment of the Fees

A party filing an action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees on the form

required by this Court entitled "Application to Proceed Without Prepayment of Fees and Affidavit" (the "Application").  <u>See</u> Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings <u>in</u> <u>forma</u> <u>pauperis</u>).

Although generally a petitioner who has not paid the filing fee or submitted an application for waiver of the filing fee is granted additional time to do so, because this action is subject to dismissal for the reasons stated below, the Court will not grant petitioner additional time to pay the fee.

II.   <u>Petitioner is In State, Not Federal, Custody</u>

"General Laws 123A sets forth strict procedures that courts and the Commonwealth must follow with regard to the civil commitment of sexually dangerous persons." <u>Commonwealth v. Knapp</u>, 441 Mass. 157, 159 (2004).  If the district attorney or attorney general determines that a prisoner about to be released is likely to be a sexually dangerous person, as that term is defined in the statute, "the district attorney or attorney general may file a petition alleging that the prisoner ... is a sexually dangerous person and stating sufficient facts to support such allegation...."  G.L. c. 123A, § 12(b).

Following a petition by the Commonwealth to commit a person as sexually dangerous pursuant to G.L. 123A, § 12(b), a judge is required to hold a hearing to determine whether 'probable cause exists to believe that the person named in the petition is a

4

sexually dangerous person."  G.L. 123A, § 12(c).  If probable cause is found, the person is committed to the treatment center for up to sixty days during which time he is to be examined by two 'qualified examiners,' who must file with the court a written report.  G.L. c. 123A, § 13(a).

Here, petitioner Heanue is temporarily confined to the Massachusetts Treatment Center.  Once a written report is filed with the state court, the district attorney has fourteen days within which to petition the court for a trial on the question whether petitioner is sexually dangerous.  G.L. c. 123A, § 14(a).

Here, petitioner does not appear to challenge the civil commitment proceedings.  Even if he sought to challenge such proceedings,[2] he has not alleged that he has exhausted his available state remedies, see 28 U.S.C. § 2254(b)(1)(A), and his petition is thus subject to dismissal.  See Allicon v. Spencer, 29 F. Supp. 2d 45, 49 (D. Mass. 1998).

### III. The Immigration Statutes Do Not Mandate That Petitioner Be Taken Into Federal Custody

The petitioner appears to rely upon the removal statute, 8

---

[2] Under Section 2254(b)(1), an application for a writ of habeas corpus may not be granted unless the applicant has exhausted the remedies available in the courts of the State.  28 U.S.C. § 2254(b)(1)(A).  To meet this requirement, Heanue must demonstrate that he offered his federal claims to the state court in such a way "as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question."  See Adelson v. Dipaola, 131 F.3d 259, 262 (1st Cir. 1997) (quoting Scarpa v. DuBois, 38 F.3d, 1, 6 (1st Cir.1994)).

U.S.C. § 1231, for the proposition that federal law mandates that he be taken from state, into federal, custody.³ Petition, p. 4. That statute provides that when an alien is ordered removed, the alien "shall" be removed within ninety days (the "removal period"). 8 U.S.C. § 1231(a)(1). It further provides that criminal aliens, like this petitioner, "shall" be detained during the removal period, <u>id.</u> § 1231(a)(2), and provides grounds upon which aliens may be detained beyond the ninety day removal period. <u>Id.</u> § 1231(a)(6). The Government's ability to detain an alien pursuant to § 1231(a)(6) is not unlimited, however. In <u>Zadvydas</u>, the Supreme Court held that, in order to avoid a "serious constitutional threat," § 1231(a)(6) must be construed as limiting an alien's post-removal-period detention to the period reasonably necessary to remove the alien from the United States. <u>Zadvydas v. Davis</u>, 533 U.S. 678, 699 (2001)(placing burden on government after alien has been confined for six months to rebut showing that there is no significant likelihood of removal).

Fatal to Heanue's argument, however, is the fact that for an alien already "detained or confined," this "removal period" <u>does not commence</u> until "the date the alien is released from detention

---

³Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2).

or confinement." 8 U.S.C. § 1231(a)(1)(B)(iii). The petitioner is now "detained and confined" to the Massachusetts Treatment Center. Thus, the removal period, as defined by statute, has not begun.

Secondly, although petitioner argues that he is entitled to expeditious removal, Heaune's reliance on 8 U.S.C. § 1228 is misplaced. Section 1228(a)(3)(A) directs the Attorney General to initiate and, "to the extent possible," complete removal proceedings "before the alien's release from incarceration for the underlying aggravating felony." Section 1228(a)(3)(B) immediately cautions, however, that the section "shall not be construed as requiring the Attorney General to effect the removal ... before release from the penitentiary or correctional institution where such alien is confined." Here, petitioner is in the continued custody of the Commonwealth.

Finally, Heanue's reliance on two opinions by the United States Court of Appeals for the Second Circuit is misplaced. Petition, p. 2-3. In <u>Simmonds v. INS</u>, 326 F.3d 351 (2d Cir. 2003), the Second Circuit found that, for purposes of Section 2241 habeas jurisdiction, a detainer, together with a final order of removal, may suffice to place an alien in legal custody [constructive custody] of the INS even if the alien is physically detained somewhere else. <u>Simmonds v. INS</u>, 326 F.3d 351, 354 (2d Cir. 2003). Notwithstanding the holding in <u>Simmonds</u>, the Second

Circuit subsequently held that "[u]ntil [a imprisoned alien] is released by the state ... the pace at which the Attorney General proceeds to take [such alien] into custody and execute the removal order is within his discretion and thus beyond mandamus or habeas review." <u>Duamutef v. INS</u>, 386 F.3d 172, 180 (2d Cir. 2004). In <u>Duamutef</u>, the Court distinguished <u>Simmonds</u> explaining that constructive custody is only available insofar that a petitioner is challenging the future confinement by the INS. Here, as in <u>Duamutef</u>, the petitioner challenges his current confinement by state authorities claiming that his current confinement is the result of INS inaction. As Heanue remains in state custody, the Department of Homeland Security may schedule his removal proceedings at its discretion.

CONCLUSION

Accordingly, for the reasons stated above, this action is dismissed, the pending motions are denied, and the Clerk shall enter a notation on the docket stating that Heanue has not paid or sought a waiver of the $5 filing fee for this action.

SO ORDERED.

<u>June 24, 2005</u>                    <u>/s/ George A. O'Toole, Jr.</u>
DATE                             GEORGE A. O'TOOLE, JR.
                                 UNITED STATES DISTRICT JUDGE